**756**

In re **HILL FOREST PRODUCTS, INC., Debtor.**

Bankruptcy No. 86–09663.

United States Bankruptcy Court, E.D. Michigan, N.D.

Nov. 18, 1988.

Gary H. Cunningham, Southfield, Mich., for Transamerica Commercial Finance Corp.

Karen E. Bork, Saginaw, Mich., for Production Credit Ass'n of North Central Michigan.

Susan M. Cook, Bay City, Mich., for debtor.

Daniel S. Opperman, Saginaw, Mich., for Creditors' Committee.

Randall L. Frank, Bay City, Mich., Chapter 7 trustee.

**MEMORANDUM OPINION RE: PRODUCTION CREDIT ASSOCIATION'S MOTION FOR ON–SITE AUCTION SALE**

ARTHUR J. SPECTOR, Bankruptcy Judge.

At the last hearing of Production Credit Association of North Central Michigan's (hereafter "PCA") motion for authority to hold an auction sale of its collateral on the debtor's premises, the Court required PCA, the moving party, to produce some authority for its request. In the intervening time, both PCA and the opposing party, Transamerica Commercial Finance Corp. (hereafter "Transamerica"), have filed briefs on the issue.

Production Credit Association has established that Michigan law provides that a creditor holding a security interest in personal property collateral has the right to dispose of the repossessed collateral on the debtor's premises. Mich.Comp.Laws § 440.9503; Mich.Stat.Ann. § 19.9503.[1] PCA correctly cited *In re Double D. Trading, Inc.*, 34 U.C.C.Rep.Serv. 1762, 1768–1769 (Bankr.D.Mass.1982) for the proposition that the removal for sale of repossessed collateral from the debtor's premises could be considered one factor in a commercial unreasonableness defense to a suit for a deficiency judgment. We note that the debtor in *Farmers & Merchants Bank v. Dyersburg Production Credit Ass'n*, 728 S.W.2d 10, 4 U.C.C.Rep.Serv.2d 305, 315 (Tenn.App.1986) also argued that the PCA's failure to sell the farm equipment at its location on the debtor's farm was unreasonable. A sale held at the debtor's plant was found to be reasonable in *Sierra Financial Corp. v. Brooks–Farrer Co.*, 15 Cal.App.3d 698, 93 Cal.Rptr. 422, 8 U.C.C.

---

1. This section states:

Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action. If the security agreement so provides the secured party may require the debtor to assemble the collateral and make it available to the secured party at a place to be designated by the secured party which is reasonably convenient to both parties. Without removal a secured party may render equipment unusable, and may dispose of collateral on the debtor's premises under section 9504.

Rep.Serv. 1125 (1971). Clearly, the law is on PCA's side of this issue.

Neither the debtor nor the trustee express any opposition to PCA's request, nor do they indicate any concern for potential harm to their property interest should the auction take place at the debtor's former place of doing business. On the other hand, Transamerica argues that it wears two hats on this issue. It wears the hat of a mortgagee in possession of the debtor's real property and therefore acts as a quasi-trustee for the purpose of protecting the debtor's property. It also wears the hat of a secured party in its own right; as such, it cares that its collateral not be damaged by the disposition of PCA's property. In both respects, Transamerica, in a Henny-Penny-like expression of worry, claims that PCA's multitudinous hordes of voracious buyers will attack and destroy Transamerica's collateral, which, as far as we can tell to date, takes the form of real estate or "fixtures" in the form of entire buildings.

In light of the fact that a statute expressly authorizes the relief requested by PCA (indeed, seems to provide for it even without court order), Transamerica must show more than that it is "worried" about potential damage. It must clearly establish an evidentiary basis justifying its belief that there is a cause for such concern. This it has failed to do. Furthermore, if, due to PCA's negligence in conducting the auction, some collateral securing Transamerica's claim is damaged, Transamerica retains its common law remedies against PCA, a presumably solvent financial institution. More protection than that, at this time, seems unwarranted.

For these reasons, PCA's motion for authority to conduct an on-site auction of its collateral is hereby GRANTED.